UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSE VAN EPPS, | ) No. CV-07-284-CI |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| v. | ) AND DENYING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 14, 20.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **REVERSES AND REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §405(g).

**JURISDICTION**

On July 21, 2003, Plaintiff Jesse Van Epps (Plaintiff) protectively filed for Social Security Income benefits. (Tr. 263-65, 289.) Plaintiff alleged disability due to lung problems and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

depression, with an alleged onset date of July 15, 2002.[1] (Tr. 280.) Benefits were denied initially and on reconsideration. (Tr. 244.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on April 27, 2005, and July 28, 2005, before ALJ Paul Gaughen. (Tr. 438-467.) Plaintiff testified without counsel at the first hearing. (Tr. 439-52.) At the second hearing, Plaintiff was represented by counsel; vocational expert Sharon Welter testified. (Tr. 457-66.) The ALJ denied benefits on March 10, 2006, and the Appeals Council denied review. (Tr. 5-8.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 41 years old, single and living in a rented basement room of a friend's house. (Tr. 450, 457.) He had an 11th-

---

[1] Plaintiff was awarded SSI benefits in 1997, due to disabling limitations caused by affective disorders and alcohol dependence. (Tr. 225.) The evidence indicates Plaintiff has a history of drug and alcohol abuse and went to a treatment program in 1994. (Tr. 222.) In the 1997 decision, the ALJ found Plaintiff continued to use alcohol "on an occasional basis," but not to the level of intoxication. He concluded "drug addiction and alcoholism are not contributing factors material to the determination of disability." (Tr. 226.) Plaintiff's benefits were discontinued in May 2001, for failure to respond to agency requests for updated information about his disability. (Tr. 234.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

grade education and completed his high-school equivalency degree. (Tr. 286.) He denied regular alcohol use, but stated he drank beer on an occasional basis and did not over-use alcohol. (Tr. 447.) He testified he did little cooking and some household chores. He had an "extreme fear" of people, and preferred to be alone. He stated he did not engage in social or recreational activities. (Tr. 448-50.) Plaintiff had past relevant work experience as a fish cleaner, warehouse laborer, and janitor. (Tr. 281, 445-46, 457.) He testified he last worked in 2003, and that is why his benefits were terminated. (Tr. 444.) He stated he had never been fired from a job but quit due to weakness caused by depression and his lung condition. (Tr. 448.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Gaughen found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 83.) At step two, he found Plaintiff had severe impairments of chronic obstructive pulmonary disease and asthma. *Id*. He also found that "when the effects of his alcohol dependence are considered, the claimant has a severe impairment due to depression." (Tr. 84.) At step three, he determined Plaintiff's "severe respiratory impairments" did not meet or equal the requirements of Section 12.09 of 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 85.) He found Plaintiff's medically determinable impairments "could reasonably be expected to produce the alleged symptoms," but Plaintiff's subjective symptom complaints regarding limitations were not totally credible. (Tr. 86.) At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

wide range of light work, but would be "unable to perform work that would involve "lifting or carrying more than 20 pounds occasionally or more than 10 pounds frequently or exposure to dust, fumes or other respiratory inhalants." (Tr. 85.) He found Plaintiff could not perform past relevant work (Tr. 87), but a significant number of jobs existed in the national economy that he could perform. (Tr. 88.) The ALJ concluded Plaintiff was not "disabled," as defined by the Social Security Act. (Tr. 89.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) found Plaintiff has no severe mental impairment at step two; (2) found Plaintiff has the residual functional capacity to do light work; (3) improperly rejected treating, examining and non-examining physicians' opinions; and (4) erroneously evaluated Plaintiff's limitations with the effects of alcohol. He contends the record does not include a current diagnosis of alcohol addiction; therefore, there was no requirement to consider alcohol abuse in assessing limitations caused by his medically determinable depression. (Ct. Rec. 15 at 13-17.)

**DISCUSSION**

**A.   Step Two - Severe Mental Impairments**

To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the

alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

At step two, the ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). A mental impairment generally is considered non-severe for purposes of step two if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild" and there have been no episodes of decompensation. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The regulations reflect "[g]reat care should be exercised in applying the not severe impairment concept." *SSR* 85-28. Unless an adjudicator is able to determine clearly that an impairment alone, or in combination with other impairments, does not affect an individual's ability to perform basic work activities, the sequential evaluation process should not end at step two. The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

**1. Consideration of Drug and Alcohol Addiction at Step Two**

The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Special statutes and regulations govern disability claims that involve substance abuse. Specifically, the ALJ must follow a two step analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ first must conduct the five-step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id*. If the ALJ finds the claimant disabled, and there is medical evidence of substance addiction, the ALJ should proceed under a second sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to his disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

It is noted at the outset of *de novo* review that the ALJ made no finding that Plaintiff had an impairment (severe or non severe) of alcohol abuse or addiction. Nonetheless, at step two ALJ Gaughen found "when the effects of his alcohol dependence are considered, the claimant has a severe impairment due to depression." He found further that "without the effects of alcohol abuse," Plaintiff did not have a severe mental impairment. (Tr. 84.) The ALJ then proceeded to evaluate Plaintiff's physical impairments without first conducting a sequential evaluation "with the effects" of the alleged alcohol abuse. This analysis is contrary to the Commissioner's

regulations governing cases that involve substance abuse and mental impairments discussed above. 20 C.F.R. §§ 416.935, .1520a; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Further, the ALJ did not consider the effects of alleged alcohol abuse or non-severe mental impairments in combination and with Plaintiff's physical impairments as required 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991). Assuming substance addiction or abuse is a factor in this claim, the ALJ erred in his sequential evaluation.

However, the Regulations provide that the Commissioner will assess whether alcoholism is a contributing factor material to the determination of disability <u>only if</u> (1) the claimant is disabled, and (2) there is medical evidence of his alcoholism. 20 C.F.R. § 416.935(a). In this case, neither prerequisite is met. As discussed above, the ALJ made no finding of disability with the effects of substance addiction. An independent review of the medical evidence for the instant claim indicates there are references to a history of alcohol abuse (*e.g.,* Tr. 193, 205, 222, 336), but there is no objective medical evidence of ongoing alcohol abuse during the relevant period.[2]

---

[2] Although there was evidence of alcohol dependency in the Plaintiff's first claim, the ALJ in 1997 determined it was not a contributing factor material to Plaintiff's disability caused by his "severe affective mental disorder." (Tr. 225-26.) In the instant claim, there is no evidence to support a finding that alcohol addiction is a contributing factor material to a disability.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

## 2.  Rejection of Medical Source Opinions at Step Two

To support his finding that Plaintiff had no severe mental impairments without the effects of alcohol, the ALJ rejected the opinions of medical sources who examined Plaintiff during the relevant period and agency non-examining psychologists who diagnosed Plaintiff with affective and personality disorders. (Tr. 86-87.)

In August and October 2003, Deborah Brown, Ph.D., assessed Plaintiff and opined he was unable to work due to recurrent major depression. She concluded he was unlikely to seek treatment due to his symptomology. She also diagnosed dysthymia and personality disorder, NOS and recommended a chemical dependency evaluation to rule out alcohol abuse, based on his self-report of alcohol consumption the day of the evaluation. (Tr. 328, 413, 415.) She did not diagnose chemical dependency or alcoholism.

Psychiatrist David Bot, M.D., evaluated Plaintiff in December 2003, and diagnosed major depression (mild to moderate severity), alcohol abuse by history, and malingering. He also diagnosed personality disorder, and opined this condition could be a "major factor" in Plaintiff's depression. (Tr. 337.) He concluded Plaintiff would have mild to moderate limitations in concentration, persistence and pace due to his mental disorders. (Tr. 336-37.)

The ALJ rejected the Dr. Brown's opinions and the severity of limitations assessed by Dr. Bot. (Tr. 84.) Plaintiff argues the ALJ improperly rejected these examining source opinions at step two, as well as the opinions of reviewing psychologists Edward Beatty, Ph.D., and Michael Brown, Ph.D., who diagnosed affective disorders that caused moderate to marked limitations on Plaintiff's ability to

work.

In disability proceedings, a treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). The ALJ gave Dr. Brown's opinions little weight because she was not a treating physician, her opinions were rendered for an application for state benefits, and she only examined Plaintiff two times.  (Tr. 85.) These reasons are not legally sufficient.  Case law requires the opinions of examining physicians, when uncontroverted, be rejected only with "clear and convincing" reasons.  If contradicted, the reasons must be specific and legitimate, and supported by the record.  *Lester v. Chater,* 81 F.3d 830, 830-831 (9th Cir. 1995). The fact that Dr. Brown is not a treating psychologist does not meet either standard.  Her opinion is uncontradicted and is substantially consistent with Dr. Bot's opinions.  Further, it is well settled that the purpose for which a medical exam is obtained has no bearing on the weight given in disability proceedings.   *Lester,* 81 F.3d at 832.  The ALJ also found Dr. Brown did not use standardized testing in her evaluation.  This finding is not supported by the record. Dr. Brown did conduct objective testing (Trails A and B and a Personality Assessment Inventory) which indicated Plaintiff was moderately to severely impaired. (Tr. 327-28.)  Based on objective testing, she assessed marked and moderate severity and functional limitation in social and cognitive abilities.  (Tr. 330, 331, 415-16.)   Further, Dr. Deborah Brown's diagnoses (which were not specifically rejected by the ALJ) are consistent with the findings of Dr. Bot, who examined Plaintiff one time and administered no

objective tests.[3] (Tr. 84, 333-37.)

Finally, the ALJ discounted Dr. Brown's assessment because she did not consider the "effects of alcohol addiction." (Tr. 84.) Regarding alcohol dependency, Dr. Brown stated in her narrative report that Plaintiff reported a history of alcohol abuse and had consumed four beers the day of the interview. Nonetheless, she did not opine there was evidence of alcohol addiction or abuse. Rather, she specifically noted that the PAI results supported Plaintiff's complaints.[4] She concluded "it appears his depressive symptoms are primary and historically chronic," and recommended a chemical dependency evaluation. (Tr. 411.) Thus, she expressly opined

---

[3] Contrary to the ALJ's findings, Dr. Brown did not give a firm diagnosis of "alcohol dependence" or "alcohol abuse." (Tr. 84, 415.) These were listed in Dr. Brown's October 2003 evaluation as possible diagnoses, requiring additional information to establish or rule out the condition. (*Id.*, *see also* Tr. 330)

[4] Although credibility findings are not challenged, it is noted on independent review that the ALJ rejected Plaintiff's allegations of depression symptoms based on his failure to seek treatment. (Tr. 86.) Although an unexplained failure to seek treatment or follow a prescribed course of treatment may negatively affect a claimant's credibility determination, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), the courts have cautioned that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (*quoting Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

Plaintiff's depressive symptoms were not caused by or exacerbated by alcohol abuse.  The ALJ's reasons for rejecting Dr. Brown's opinions are not legally sufficient or supported by substantial evidence.

Although Dr. Bot diagnosed alcohol abuse "by history," he did not opine that Plaintiff's major depression and personality disorder diagnoses were a result of alcohol abuse.  Dr. Bot found mild to moderate limitations in social functioning, and recommended treatment with anti-depressant medication. (Tr. 337.)  The ALJ did not specifically reject Dr. Bot's diagnoses or limitations assessed. Rather, it appears he relied solely on Dr. Bot's diagnosis of malingering as a reason to disregard Dr. Bot's assessment of functional limitations.  However, reviewing the evaluation in its entirety, it is noted that Dr. Bot qualified the malingering diagnosis, stating "even though the diagnosis of major depression is made . . . there is probably embellishment of symptomology."  Thus, Dr. Bot's diagnoses and limitation assessment factored in the embellishment, and were not negated totally by the malingering findings.  The ALJ erred at step two in isolating only the malingering diagnosis and failing to give "clear and convincing" reasons for rejecting Dr. Bot's and Dr. Brown's opinions that Plaintiff suffered mild to moderately severe depression. *See e.g., Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001).

The examining medical source opinions are consistent with reports from non-examining agency psychologists who reviewed the records.  (Tr. 347-63, 393-95.)  "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

disability claims under the Social Security Act." *Social Security Ruling (SSR) 96-6p*. Their findings of fact must be treated as expert opinion evidence of non-examining sources by the ALJ, who can give weight to these opinions only insofar as they are supported by evidence in the case record. The ALJ cannot ignore these opinions and must explain the weight given. *Id.* The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31.

Reviewing psychologists Dr. Michael Brown and Dr. Beatty found affective and personality disorders, and Dr. Brown noted alcohol abuse, "by history," only. (Tr. 347.) Dr. Beatty found affective and personality disorders, but found no evidence of substance addiction. (Tr. 383.) Both agency psychologists assessed mild and moderate mental limitations, including moderate limitations in concentration, persistence and pace. These opinions are consistent with Dr. Bot's unrejected opinions. (Tr. 337, 357, 393.) The ALJ rejected Dr. Michael Brown's opinions, stating limitations were not assessed "absent consideration of alcohol addiction." (Tr. 87.) As discussed above, medical records for the relevant period do not include objective medical evidence of alcohol addiction, therefore the ALJ's reason for rejecting Dr. Michael Brown's opinion is neither "clear and convincing" nor specific and legitimate. The ALJ did not reject Dr. Beatty's opinions, therefore, his diagnoses and functional limitations are credited as a matter of law. *Lester*, 81 F.3d at 834. The objective medical evidence, including improperly rejected medical opinions of Drs. Deborah Brown, Bot, and Michael

Brown, is sufficient to establish a severe mental impairment of depression at step two. 20 C.F.R. § 416.920a; *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

**B.   Remedy**

Because the ALJ's error at step two taints the entire sequential evaluation, most notably the residual functional assessment,[5] it is unclear from the record whether Plaintiff's impairments, alone and in combination, are disabling. Therefore, remand for additional proceedings is appropriate. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). On remand, if the ALJ considers the evidence regarding alcohol use ambiguous or inadequate for proper evaluation, the ALJ shall further develop the record with a chemical dependency evaluation.[6] If medically determinable substance

---

[5] The residual functional capacity assessment (RFC) is what an individual can still do despite his functional limitations. The RFC is based "on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairments -- submitted by an individual's treating source or other acceptable medical sources." *SSR* 96-8p.

[6] It appears Plaintiff was not represented at the first hearing; therefore, the ALJ had a heightened duty to develop the record by ordering a consultative chemical dependency evaluation (as recommended by Dr. Brown) to resolve any ambiguity in the record regarding Plaintiff's alcohol use or abuse. *Mayes v. Massanari*, 276 F.3d 453, 4509-60 (9th Cir 2001).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

addiction or alcoholism is a consideration, the ALJ shall conduct a proper sequential evaluation pursuant to 20 C.F.R. § 416.935. The ALJ shall reevaluate the opinions of the medical source opinions, explain the weight given to acceptable medical sources, and, if necessary, provide legally sufficient reasons for rejecting acceptable medical source opinions. A new RFC determination will be required based on the new evidence and medical source opinions. Plaintiff may submit additional evidence. If necessary, the ALJ will take medical expert testimony and vocational expert testimony at a new hearing. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**. This matter is remanded to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and as directed in the decision above.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff** and the file shall be **CLOSED.**

DATED October 10, 2008.

                      S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE